# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 15, 2005 Session

## SANDRA LEE BUETTNER v. NEIL WILLIAM BUETTNER

**Chancery Court for Henry County**
**No. 17787**

_____

**No. W2004-01788-COA-R3-CV - Filed June 2, 2005**

_____

**PARTIAL DISSENT AND PARTIAL CONCURRENCE**

I must respectfully dissent from the majority's holding that there should be no increase in alimony upon the younger child reaching the age of majority. As the majority states, the various provisions of the contract must be construed together, and we should seek to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the language employed. Reading the provisions of the MDA, it is my interpretation that the intention of the agreement is clearly set out that "as *each* child reaches 18 years of age or graduates from high school or should have done so, whichever is the last to occur, the defendant will have to begin an additional alimony in futuro payment as herein before calculated." (Emphasis added). This provision, coupled with the express provision of the MDA stating "furthermore, this obligation or these payments are to be made regardless of who the child is living with or who may have custody of the children when the child reaches or should have reached 18 years of age or graduates from high school," indicates to this member of the Court that the obligation for additional alimony is not governed by whether Mr. Buettner would have any child support obligation payable but is governed by what he would have an obligation for in the way of child support based upon the guidelines.

I would hold that Ms. Buettner is entitled to additional alimony of fifty percent of twenty-one percent of his net income, as defined by the guidelines.

I concur in the Opinion in all other respects.

_____

**W. FRANK CRAWFORD, PRESIDING**
**JUDGE, W.S.**